UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| In re: Marc J. Randazza, Attorney at Law, Bar No. 12265 | Case No. 2:19-cv-01765-MMD |
|---|---|
| | ORDER |

**I.   SUMMARY**

This is an attorney discipline matter. Before the Court is Marc Randazza's petition for reinstatement (the "Petition").[1] (ECF No. 14.) As further explained below, the Court will grant Mr. Randazza's Petition.

**II.   BACKGROUND**

Mr. Randazza was suspended by the Nevada Supreme Court ("NSC") following his conditional guilty plea to a charge that he violated "RPC 1.8(a) (conflict of interest: current clients: specific rules) and RPC 5.6 (restrictions on right to practice)." (ECF No. 3 at 15.)

Upon receiving notice of his suspension by the NSC, the Court issued an order to show cause why Mr. Randazza should not also be suspended by this Court. (ECF No. 1 ("OSC").) Mr. Randazza filed a response to the OSC, arguing he should not be suspended by this Court. (ECF No. 3.) The Court nonetheless suspended him because he remained subject to probationary conditions imposed by the NSC. (ECF No. 5 (the "Suspension Order").) Mr. Randazza then filed an emergency motion to alter or amend the Suspension Order (ECF No. 8), which the Court denied (ECF No. 12).[2]

---

[1] Mr. Randazza also filed an emergency motion for a hearing on his Petition. (ECF No. 17.) Because the Court will grant the Petition, the Court will deny the emergency motion for a hearing as moot.

1         The Petition followed.³ (ECF No. 14.) In his Petition, Mr. Randazza asks to be reinstated primarily because he has successfully discharged the NSC's probationary conditions. (*Id.* at 2.) In most pertinent part, he attached a letter from the State Bar of Nevada confirming that he has successfully discharged the probationary conditions the NSC imposed on him. (*Id.* at 16.) Mr. Randazza also submitted a declaration explaining he has clients with cases in this district who would like him to represent them (*id.* at 11-14), and some declarations from some of his clients explaining they would like Mr. Randazza to represent them (*id.* at 19-26). Mr. Randazza previously submitted a current certificate of good standing from the State Bar of Nevada. (ECF No. 10-3.)

## III.  DISCUSSION

        Local Rule IA 11-7(i) states that an attorney who is the subject of an order of suspension "may petition for reinstatement to practice before this court or for modification of the order as may be supported by good cause and the interests of justice." LR IA 11-7(i). The Rule further provides: "if the attorney was readmitted by the supervising court or the discipline imposed by the supervising court was modified or satisfied, the petition must explain the situation with specificity, including a description of any restrictions or conditions imposed on readmission by the supervising court." *Id.* However, the decision as to whether and under what circumstances the attorney will be reinstated to practice before this Court is left to the discretion of the Chief Judge, or other reviewing Judge if the Chief Judge refers the matter to another judge. *See id.*; *see also* LR IA 11-7(a).

        The Court will grant the Petition because Mr. Randazza has sufficiently demonstrated he successfully discharged the NSC's probationary conditions and is an attorney in good standing with the State Bar of Nevada. (ECF Nos. 10-3, 14 at 16.)

---

²The Court issued this order on November 27, 2019, and received a certified mail receipt indicating it was mailed to Mr. Randazza's counsel that same day. (ECF No. 13.) However, both Mr. Randazza and his counsel claim they never received that order. (ECF Nos. 15 (minute order explaining in response to a letter from Mr. Randazza's counsel inquiring about a ruling on the emergency motion to alter or amend judgment that the Court had already issued an order denying it on November 27, 2019), 17 at 4, 17-1 at 3.)

³Mr. Randazza followed up with a letter as well. (ECF No. 16.)

Moreover, Mr. Randazza's Petition demonstrates understanding of the Court's prior Suspension Order granting him leave to petition this Court for reinstatement once he could show that he is able to practice in Nevada state courts unencumbered by any probationary conditions. (ECF No. 5 at 3.) The Court thus finds that Mr. Randazza has shown cause to be readmitted to the bar of this Court.

**IV.  CONCLUSION**

It is therefore ordered that Mr. Randazza's renewed petition for reinstatement (ECF No. 14) is granted.

It is further ordered that Mr. Randazza's emergency motion for a hearing (ECF No. 17) is denied as moot.

DATED THIS 9th day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE